UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CITY OF FLINT,**<br><br>Plaintiff,<br><br>vs.<br><br>**AUSTIN MORGAN COMPANIES,**<br><br>Defendant. | **2:19-CV-13543-TGB**<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

In this breach of contract action, Plaintiff, the City of Flint, owned property that was being leased by Defendant Austin Morgan Companies.[1] Flint initially sued Defendant in state court to conduct soil remediation extraction on the property. Thinking that the case might turn on federal environmental laws, and proceeding on her own behalf without any lawyer, Defendant removed this matter to federal court. Notice of Removal, ECF No. 1, PageID.2. But this Court held that the case did not

---

[1] For the purpose of resolving this motion, this Court will consider Christina Raisins to be the sole proprietor of Austin Morgan Companies. *See* Resp. to Order to Show Cause, ECF No. 16. A sole proprietor is permitted to represent herself pro se in federal court, *see In re Fifarek*, 370 B.R. 754, 758 (Bankr. W.D. Mich. 2007), and therefore Austin Morgan Companies is not required to be represented by counsel in this matter.

1

implicate federal environmental law and that no other basis for federal jurisdiction existed. The case was therefore remanded back to state court. Having won the motion to remand, the City of Flint now wants to recover attorney's fees. Mot. for Attorney Fees, ECF No. 21. For the reasons set out in detail below, Plaintiff's motion for attorney's fees will be **DENIED**.

## ANALYSIS

### A. Removal was not objectively unreasonable to a layperson.

Removal of actions to federal court is governed by 28 U.S.C. § 1441 *et seq*. Under that statute, if a case is removed and then eventually remanded back to state court, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no presumption for or against awarding fees. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," but "when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).

This "objectively reasonable basis" standard turns on the "reasonableness of the removal." *Martin,* 546 U.S. at 141. Normally, the removing party in any lawsuit is represented by an attorney who makes the strategic decision as to whether a reasonable basis supports removal. In that situation, "an objectively reasonable basis for seeking removal"

would be evaluated from the perspective of what would be reasonable to a licensed attorney. But here, Defendant is pro se, and cannot be expected to have the same understanding of the law and the standards for removal as a trained attorney. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("The drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and pro se litigants should not be precluded from resorting to the courts merely for want of sophistication."). Consequently, in applying the "objectively reasonable" standard, the Court must consider that it may mean something different as applied to a trained attorney than it does as applied to a layperson who is trying to represent herself. While there is sparse available caselaw addressing this question, common sense suggests that if the removing party is a pro se defendant, the inquiry should be: "was there any objectively reasonable basis for a reasonable layperson to seek removal?"

The question here, then, is whether there was any objectively reasonable basis for Defendant, as a layperson, to believe that the original contract dispute involved the possible application of the National Environmental Policy Act ("NEPA") such that federal question jurisdiction existed. While this Court concluded that NEPA did not apply, that is not that same as concluding that, on this record, there was no objectively reasonable basis for a layperson to think it might apply. Defendant alleges wrongdoing on the part of the City, specifically failure

3

to notify her of soil contamination on her property before she leased it. Resp. to Mot. for Remand, ECF No. 17, PageID.193. Defendant's Notice of Removal clearly states that she believes her only options for redress in light of the City's allegedly improper actions "arise[] under the National Environmental Policy Act." ECF No. 1, PageID.2. The City's original complaint discussed efforts by city employees and the Michigan Department of Environment, Great Lakes, and Energy to gain access to the property leased by Defendant for "planned soil excavation remediation efforts." ECF No. 1, PageID.12. An attached affidavit also indicates the City's knowledge that the property "is contaminated and requires extensive soil excavation to remediate the contamination." ECF No. 17, PageID.209.

Given that the surrounding facts involve environmental regulatory issues, it is not objectively unreasonable for a person untrained in the law and unskilled in conducting reliable legal research to believe these issues of soil contamination and the failure to disclose or remediate them may have been governed by a law entitled "National Environmental Policy Act" and by its related regulations. *See* Resp. to Mot. for Att'y's Fees, ECF No. 24, PageID.277; ECF No. 17, PageID.190.

For the purposes of the "objectively reasonable basis" inquiry, it does not matter that Defendant's belief is incorrect. As Plaintiffs noted in their motion, this Court clearly "determined that it lacked subject matter jurisdiction" over this case, both because it sounds primarily in

contract and because there is no private right of action under NEPA that would allow an individual to sue for a violation under it. ECF No. 21, PageID.234. Based on this analysis, Plaintiffs say Defendant fails the "objectively reasonable basis" test. *Id.* While this Court's ruling may well provide the basis for a conclusion that no reasonable *attorney* could have found a basis for removal in this case, a layperson, by contrast, should not be expected to know that her claims are too distantly connected to federal law to qualify for "arising under" jurisdiction through NEPA, or to understand what a private right of action is and also know that the lack of one in NEPA is fatal to her removal efforts. Because the circumstances of this case afforded an objectively reasonable basis for a layperson to believe she could seek removal, the Court finds that an award of attorney's fees is not appropriate.

## B. "Unusual circumstances" warrant departure from the usual rule for awarding fees.

Setting aside whether the "objectively reasonable basis for removal" standard may be different where removal is sought by a pro se party, the underlying purpose of the statute also counsels against a fee award in this case. Under section 1447(c), fees are never guaranteed. While an objectively unreasonable removal will often result in an award of fees being made to plaintiffs, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule." *Martin*, 546 U.S. at 141. Any such exercise of discretion should be

"faithful to the purposes" of awarding fees. *Id.* The Sixth Circuit has stated that the purpose of fees under section 1447(c) is to "permit removal in appropriate cases, while simultaneously "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."" *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008) (quoting *Martin*, 546 U.S. at 140). The appellate court further instructs district courts "[i]n cases where removal was not objectively reasonable . . . to consider this underlying purpose when they exercise their discretion." *Id.*

Here, we cannot conclude based on the record that Defendant removed this case to federal court to "delay litigation and impose costs" on the City. In fact, she states specifically that "the exact opposite" is true. ECF No. 24, PageID.227. Believing most of the City's complaint to be invalid, except for the issue of soil contamination, Defendant "hoped to properly litigate in the court" that she believed was the proper one to handle this lawsuit. *Id.* Defendant was incorrect in her belief that federal court was the appropriate forum, but making that mistake is not the same as intending to delay the lawsuit. While the City does allege bad faith by the Defendant in making alleged misrepresentations about the parties in the action, it does not claim that her underlying motivations for removal are suspect. Mot. for Remand, ECF No. 5, PageID.64.

Defendant's pro se status also creates an unusual circumstance in that there is very little caselaw involving unsuccessful removal by pro se

defendants where the plaintiffs then seek to be awarded fees and costs. *But see Anctil v. Kick,* 167 F. Supp. 3d 266, 269 (D. Mass. 2016) (award of fees denied "in light of [Defendant's] pro se status"). There may well be cases where pro se defendants should be required to pay fees under section 1447(c). Indeed, one who engages in litigation without retaining an attorney may take unreasonable actions that impose significant costs that ought not to be fairly borne by the other party. If a pro se party is intentionally vexatious or abusive in litigation, it should expect that it may have to pay the other side's legal expenses if it loses and a statute provides for such an award to be made. But here, Defendant's pro se status combined with the lack of evidence that her removal action was pursued in bad faith creates an unusual circumstance where an award of fees would not further the purposes of section 1447(c).

## CONCLUSION

For all of the reasons stated, Plaintiff's motion for attorney's fees (ECF No. 21) is **DENIED**.

**SO ORDERED.**

DATED: October 5, 2020

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge